CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 26 2016

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PIPER A. ROUNTREE, | ) | CASE NO. 7:15CV00220 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD CLARKE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Piper A. Rountree, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), alleging that since 2011, the defendants have violated her right to free exercise of her Buddhist religious practice to possess a yoga mat in her prison cell as her individual faith object. After review of the record, the court concludes that defendants' motion to dismiss must be granted in part and denied in part.

## Background

Rountree is incarcerated at Fluvanna Correctional Center for Women ("FCCW"). In the amended complaint (hereinafter "complaint"), she states that her sincere Buddhist beliefs require her to engage in daily exercise, including the practice of yoga. She explains that the cushioning, nonslip qualities of a yoga mat are specifically designed to assist her in daily yoga exercises and meditation poses. Rountree alleges that she has written requests to prison officials since 2011 for permission to have a yoga mat in her cell for her daily religious practice, but most of her requests were lost. FCCW officials did allow Rountree to have a Muslim prayer rug in her cell. She explains, however, that the prayer rug is not an adequate substitute for the cushioning and nonslip qualities of a yoga mat.

Rountree alleges that sometime in 2013, she submitted a request to have yoga mats approved as her "Faith Object," under Virginia Department of Corrections ("VDOC") Operating Procedure ("OP") 841.3(IV)(A)(10). The VDOC Faith Review Committee ("FRC") disapproved yoga mats as personal faith objects, but approved them for use in a community setting. FCCW now allows inmates, including Rountree, to use yoga mats in group yoga sessions, once or twice per week. Rountree asserts that this limited accommodation prevents her from effectively practicing her belief that she must perform daily yoga exercises and meditation positions.

In this civil rights action, Rountree sues various VDOC administrators and staff at FCCW, asserting that their refusal to allow her to possess and use a yoga mat daily places a substantial burden on her religious practice, in violation of the First Amendment and RLUIPA. Defendants have filed a motion to dismiss the action, arguing that Rountree's claims are barred by the applicable statute of limitations and that Rountree cannot recover monetary damages under RLUIPA. Rountree has responded, making the matter ripe for disposition.

## Discussion

### A. Statute of Limitations

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violate his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). Because Congress did not include time limits in the statute for filing a § 1983 action, such cases are governed by the statute of limitations governing general personal injury actions in the state where the tort allegedly occurred. See Owens v. Okure, 488 U.S. 235, 239, 250 (1989). Under Virginia law, a general personal injury action must be commenced within two years from the date on which the claim accrues. See Va. Code Ann. § 8.01-243(A). It is well established that a § 1983 claim accrues when plaintiff knows enough

2

about the harm done to her to bring the lawsuit. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

Defendants assert that Rountree's yoga mat claim accrued in 2011, when prison officials first failed to grant her requests to use a yoga mat in her cell for daily religious practice. Defendants argue that the yoga mat claim is time-barred, because Rountree did not file this lawsuit until May 2015, more than two years from the time she discovered the injury she asserts. Rountree contends, however, that the statute of limitations must be considered tolled for a good portion of the intervening time, based on pendency of her prior § 1983 action and appeal, in which she also asserted her yoga mat claim. The court agrees that Rountree's claims are timely filed, although for reasons slightly different than Rountree asserts.

When a state's limitations period is to be applied in a § 1983 action, the state's tolling rules apply. Board of Regents v. Tomanio, 446 U.S. 478, 484 (1980). Under Virginia's tolling statutes, if an earlier civil action was initiated within the limitations period, "and for any cause abate[d] or [was] dismissed without determining the merits, the time such action [was] pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period." See Va.Code Ann. § 8.01-229(E)(1); see also Wyatt v. Owens, No. 7:14-cv-00492, 2015 WL 5008921, at *4 (W.D. Va. Aug. 20, 2015) (applying § 8.01-229(E)(1) to toll limitation period for inmate's § 1983 claims).

Rountree filed a § 1983 action against officials at FCCW in December 2011. In her original complaint, and in an amended complaint filed in March 2012, she asserted a claim that she had been denied possession of faith-based objects at FCCW, although these pleadings did not mention yoga mats. Rountree filed a second amended complaint in March 2013, asserting a claim that officials had lost her requests for "religious objects, such as a yoga mat." (Second

3

Amend. Compl. ¶ 44, ECF No. 46.) Defendants moved for summary judgment on the ground that Rountree had failed to exhaust her administrative remedies before filing her claims, as required under 42 U.S.C. § 1997e(a). The court referred the exhaustion issue to a magistrate judge for additional proceedings. The magistrate judge issued a report and recommendation in March 2014, recommending that Rountree's yoga mat claim be dismissed, based on his factual finding that she had exhausted her administrative remedies on this issue only <u>after</u> filing the second amended complaint. By opinion and order entered September 30, 2014, the court adopted this portion of the magistrate judge's report and dismissed Rountree's yoga mat claim without prejudice. <u>Rountree v. Clarke</u>, No. 7:11CV00572, 2014 WL 4923964, at *17 (W.D. Va. Mar. 24, 2014) (Ballou, M.J.), <u>adopted in part and rejected in part</u>, 2014 WL 4923163, at *4 (W.D. Va. Sept. 30, 2014) (Conrad, J.). Rountree refiled her yoga mat claim in her current § 1983 complaint, which she signed and dated on May 27, 2015.

Applying Virginia's tolling rules, the court concludes that Rountree's current yoga mat claim must be considered timely filed. The court finds that the injury asserted in Rountree's current complaint is defendants' refusal to approve yoga mats as faith objects for VDOC inmates to possess in their cells, in accommodation of her alleged religious needs. Documentation submitted in Rountree's previous § 1983 case indicates that although Rountree began requesting approval for a yoga mat in her cell in early 2011, prison officials told her that FRC approval of the mat as a faith object would be required. See <u>Rountree v. Clarke</u>, No. 7:11-cv-572, ECF Nos. 67-6, 67-38, 67-41.) These documents indicate that as of December 2011, Rountree had only recently learned that the FRC had not yet acted on her prior requests to have yoga mats approved as personal faith objects, because the FRC had never received those requests. (<u>Id.</u>) Documentation in the current lawsuit indicates that Rountree learned of the FRC's disapproval of

4

yoga mats as faith objects in May 2013. (See ECF No. 2, at p. 3.) Thus, the court concludes that her claim accrued on that date for purposes of the statute of limitations. At that time, her claim regarding denial of yoga mats was pending in No. 7:11-cv-572. The court finds that under Va. Code Ann. § 8.01-229(E)(1), the pendency of that case tolled the running of the limitation period until September 30, 2014, when the court dismissed the yoga mat claim without prejudice for failure to exhaust administrative remedies before filing suit. At that point, Rountree's limitation period under § 8.01-243(A) began to run. Because she filed the present version of her yoga mat claim within two years of September 30, 2014, her claims are timely filed. Therefore, the court will deny the motion to dismiss the complaint as barred by the statute of limitations.[1]

## B. RLUIPA Claims for Damages

The Supreme Court and the United States Court of Appeals for the Fourth Circuit have concluded that RLUIPA, as an exercise of congressional spending power, does not waive the Eleventh Amendment immunity of the States, and as such, that it does not authorize claims for money damages against an official in his or her official capacity. See Sossamon v. Texas, 563 U.S. 277, 281 (2011); Rendelman v. Rouse, 569 F.3d 182, 187 (4th Cir.2009) (citing Madison v. Virginia, 474 F.3d 118, 131 (4th Cir. 2006)). Also in the spending power context, the Fourth Circuit has held that "RLUIPA cannot authorize damage actions against private individuals." Rendelman, 569 F.3d at 187. The Court recognized, however, that "RLUIPA also purports to have an independent commerce clause basis." Id. at 189 (citing 42 U.S.C. § 2000cc-1(b)). Thus,

---

[1] In moving to dismiss Rountree's claims as time barred, defendants construe her complaint as asserting only claims for monetary damages. Liberally construed, however, the complaint also seeks prospective relief to "prevent future harm." (See Compl. 12.) Rountree's claim for prospective relief to change VDOC policy regarding personal use of yoga mats would be timely under the continuing violation doctrine. See, e.g., Nat'l Advert. Co. v. City of Raleigh, 947 F.2d 1158, 1167 (4th Cir. 1991) ("With respect to statutory or regulatory challenges, we have previously found a continuing violation where regulations continued to be applied to persons within the statutory limitations period.") (citing Virginia Hospital Ass'n v. Baliles, 868 F.2d 653, 663 (4th Cir.1989), aff'd sub nom. Wilder v. Virginia Hospital Ass'n, 496 U.S. 498 (1990)).

5

the question of whether RLUIPA, "analyzed under the commerce clause, would authorize individual capacity damage actions" remains unsettled in the Fourth Circuit." Id. at 189.

Defendants move to dismiss Rountree's claims for monetary damages under RLUIPA. As discussed, RLUIPA claims for monetary damages against defendants in their official capacities and individual capacities under the Spending Clause nexus of the statute are barred.

Rountree asserts that she has also alleged her RLUIPA claims under the Commerce Clause nexus. At the most, Rountree asserts that defendants "use interstate highways to maintain their system and programs for incarceration." (Compl. ¶ 17.) She fails to allege any respect in which the alleged substantial burden on her religious practice, caused by the denial of accommodation for her daily yoga requirements, affects interstate commerce. Consequently, the court is satisfied that Rountree's complaint does not present a factual basis for a claim of monetary damages under the Commerce Clause nexus of RLUIPA. See, e.g., Rendelman, 569 F.3d at 189 (indicating claim under this provision would require specific factual connection to alleged burden on plaintiff's religious exercise). Therefore, the court will grant defendants' motion to dismiss as to all claims for monetary damages under RLUIPA.

### **Conclusion**

In conclusion, the court will grant the motion to dismiss in part and deny it in part. Specifically, the motion to dismiss is granted as to Rountree's claims for monetary damages under RLUIPA, but the motion is denied as to defendants' contention that her complaint should be dismissed as barred by the applicable statute of limitations. An appropriate order will issue this day.

ENTER: This 25th day of January, 2015.

/s/ [signature]
Chief United States District Judge