CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 28 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| PIPER A. ROUNTREE, | ) |
| | ) Case No. 7:15CV00220 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| | ) |
| HAROLD CLARKE, ET AL., | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant(s). | ) |

By opinion and order entered February 16, 2017, the court granted the defendants' motion for summary judgment. Specifically, the court found that plaintiff, Piper Rountree, had not presented a genuine issue of material fact in dispute on which she could persuade a fact finder that defendants' policy prohibiting her from purchasing and maintaining a personal yoga mat in her cell violated her rights under the Constitution or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Rountree has now moved for reconsideration and seeks to amend her complaint with additional facts and arguments. The court finds no merit to the motion and will not permit amendment of this closed action.

Because Rountree signed and dated her motion within 28 days from entry of the judgment, the court will address it under Rule 59(e) of the Federal Rules of Civil Procedure. Under this rule, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal citations and quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent

manifest injustice. See, e.g., Gagliano v. Reliance Standard Life Ins. Co., 547 F.3d 230, 241 n. 8 (4th Cir. 2008). The rule is most certainly not "intended to give an unhappy litigant one additional chance to sway the judge." Crosswhite v. E.I. Dupont de Nemours and Co., 896 F.2d 1366, 1990 WL 15686 *1 (4th Cir. 1990).

The court has carefully reviewed Rountree's new submission and finds that it does present a circumstance warranting the requested relief. Rountree merely restates the evidence; provides new facts, available but not previously presented; and reargues her entire case. She does not present any intervening change of law or identify any clear error of law or injustice. Therefore, the court will deny her motion to alter or amend judgment. An appropriate order will issue herewith.

The Clerk is directed to send a copy of this order to the plaintiff and to counsel of record for the defendants.

**ENTER:** This 28th day of APRIL, 2017.

*/s/ Glen Conrad*
Chief United States District Judge